# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11cv6

| | |
|---|---|
| TERESSA J. LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. This case is now before the Court on the administrative record and the parties' Motions for Summary Judgment [# 7 & # 11]. Upon a thorough review of the entire record, the pleadings, and the parties' briefs, the Court **RECOMMENDS** that the District Court **GRANT in part** Plaintiff's motion [# 7] and **REMAND** the Commissioner's decision.

I.      **Procedural History**

Plaintiff filed an application for Social Security Income and Disability Insurance Benefits on July 25, 2007, alleging that she became disabled beginning

July 15, 2004. (Transcript of Administrative Record ("T.") 10.) The Social Security Administration denied her claim, finding that she was not disabled. (T. 68.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 72.) A disability hearing was then held before Administrative Law Judge Ann G. Paschall ("ALJ"). (T. 30.) The ALJ issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 22.) Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (T. 1.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In her March 19, 2010, decision, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 14, 2004, through December 31, 2007. (T. 12, 22.) The ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

(2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 15, 2004 through her date last insured of December 31, 2007 (20 CFR 404.1571 *et seq.*).

(3) Through the date last insured, the claimant had the following sever impairments: chronic kidney failure, fibromyalgia, bilateral carpal tunnel syndrome, cervical degenerative disc disease, anxiety, depression, and somataform disorder (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). I specifically find that she can lift/carry 10 pounds frequently and 20 pounds occasionally, and she can sit, stand, and walk for six hours each of an eight hour work day. I further find that the claimant can frequently do bilateral handling and fingering, but can only occasionally use ladders, and she is limited to simple, unskilled work with one or two step tasks and instructions.

(6) Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on August 23, 1968 and was 39 years old, which is defined as a younger individual age 18-49, on the date last insured. (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Through the dated last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant was not under a disability, as defined in the Social Security Act, at any time from July 15, 2004, the alleged onset date, through December 31, 2007, the date last insured (20 CFR 404.1520(g)).

(T.12-21.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial

evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V. **Analysis**[1]

A. **The Hypothetical Question Posed to the Vocational Expert did not Include all of Plaintiff's Impairments**

Plaintiff challenges the hypothetical question posed to the vocational expert by the ALJ. "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments." Id.; see also Hines, 453 F.3d at 566; Taylor v. Comm'r Soc. Sec., 659 F.3d 1228, 1235 (9th Cir. 2011).

In assessing Plaintiff's Residual Functional Capacity ("RFC"), the ALJ concluded that Plaintiff is "limited to simple, unskilled work with one or two step tasks and instructions." (T. 18.) At the hearing, the ALJ posed the following hypothetical to the vocational expert:

> If I were to find someone of the claimant's age, education and experience limited to light work, and further limited in that he or she could only

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

occasionally use ladders and could perform frequent, and that's two-thirds of the time, but not continuous bilateral handling and fingering, and the work should be unskilled, would any of this past work be available.

(T. 52.) The vocational expert testified that Plaintiff's past jobs would no longer be available, but that there are jobs nationally and in North Carolina that satisfy the hypothetical, including cashier II and mail clerk. (T. 53.) Plaintiff contends that the hypothetical question failed to set forth all of Plaintiff's impairments because it only contained a limitation for unskilled work and did not limit the work to simple work involving one or two step tasks and instructions. (Pl.'s Mot. Summ. J. 14-15.) The Commissioner contends that unskilled work is identical to simple work requiring one or two step tasks and instructions, and, thus, including both descriptions in the hypothetical would have been redundant. (Def.'s Mot. Summ. J. 10-11.)

In determining Plaintiff's RFC, the ALJ specifically found that Plaintiff was "limited to simple, unskilled work with one or two step tasks and instructions." (T. 18.) The ALJ's hypothetical question, however, contained only a limitation for unskilled work. (T. 52.) Although the Commissioner urges the Court to conclude that unskilled means the same thing as simple work limited to one or two step tasks and instructions, such a conclusion is not supported by the record before the Court. The ALJ specifically found that "the limitations to *simple work* should help with the

mild anxiety she experiences." (T. 20) (emphasis added.) There is simply no indication in the record that the ALJ reached the same conclusion as the Commission that the terms are synonymous. Rather, a review of the record and the decision of the ALJ reflects that the ALJ intended the terms unskilled work and simple work to have separate and distinct meanings and to account for different impairments that Plaintiff suffered.

In Houston v. Astrue, No. 3:10cv470, 2011 WL 4747879 (W.D.N.C. Oct. 7, 2011) (Cogburn, J.), Judge Cogburn rejected a similar argument to the one made by the Commissioner in this case. The Court found that the term unskilled was not synonymous with a limitation to simple, repetitive task and that the hypothetical posed to the vocational expert did not include all the limitations as found by the ALJ. Houston, 2011 WL 4747879 at *2; Houston v. Astrue, No. 3:10cv470, 2011 WL 4747894 at *3 (W.D.N.C. Aug. 24, 2011) (Cayer, Mag. J.). In addition, the Court rejected the argument advanced by the Commissioner here that Plaintiff is barred from raising this issue because her counsel did not address the issue at the hearing before the ALJ. Houston, 2011 WL 4747879 at *2. Because the hypothetical question failed to adequately reflect the Plaintiff's RFC as determined by the ALJ, the ALJ's conclusion that jobs existed in significant numbers in the national economy that Plaintiff could have performed is not supported by

substantial evidence. Accordingly, remand for a new hearing is necessary in this case so that the ALJ can resubmit a hypothetical to the vocational expert that includes all of the Plaintiff's limitations as determined by the ALJ in the RFC.

B.  **The ALJ Failed to Resolve the Conflict between the Vocational Expert's Testimony and the DOT[2]**

Plaintiff also contends that the ALJ failed to resolve the conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p. Social Security Ruling 00-4p provides that prior to relying on the testimony of a vocational expert, an ALJ has "an affirmative responsibility" to inquire as whether there is a conflict between the occupational evidence provided by the vocational expert and the information contained in the DOT. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Where the evidence appears to conflict with the DOT, the ALJ must obtain a reasonable explanation for the conflict. Id. Courts have found that this Ruling imposes an affirmative duty on the ALJ to inquire as to any conflicts between such testimony and the DOT. See e.g. Prochaska v. Barnhart, 454 F.3d 731, 735 (7th Cir. 2006)

---

[2] Although the Court has recommended that the District Court remand this case to allow the ALJ to ask a proper hypothetical question to the vocational expert, the Court will separately address the issue of whether the ALJ resolved the apparent conflict between the DOT and the testimony of the vocational expert for the benefit of the District Court.

(collecting cases).³

In response to the hypothetical question from the ALJ, the vocational expert testified that the following jobs are available to someone with the limitations described: Cashier II, DOT 211.462-010 and Mail Clerk, DOT 209.687-026. Both of these positions, however, require a reasoning level of three, which is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dep't of Labor, Dictionary of Occupational Titles, Vol. II, App'x C (4th ed. 1991). In contrast, a job with a reasoning skill of level one requires only the ability to "[a]pply commonsense understanding to carry out simple one- or two step instructions." Id. Thus, an apparent conflict exist between the RFC, which limited Plaintiff to "simple, unskilled work with one or two step tasks and instructions" (T. 18) and the DOT's assignment of a reasoning of level three for a Cashier II and Mail Clerk. See Yurek v. Astrue, No. 5:08cv500-FL, 2009 WL 2848859, at *8-9 (E.D.N.C. Sept. 2, 2009) (holding that the DOT's reasoning level pertains to work requirements of a job and remand is required where the ALJ fails to obtain an

---

³ The cases cited by the Commissioner that were decided prior to the promulgation of SSR 00-4p are of little, if any, relevance to the issue of whether the ALJ properly complied with SSR 00-4p.

explanation for an apparent conflict between the vocational expert's testimony that a claimant could perform a job that the DOT classified as reasoning level three when the ALJ limited the claimant to simple and repetitive tasks); Leonard v. Astrue, 487 F. Supp. 2d 1333, 1340 (M.D. Fla. 2007).

Because the ALJ did not inquire on the record as to whether the vocational evidence was consistent with the DOT and did not obtain any explanation for the apparent conflict between the ALJ's assessment that Plaintiff was limited to simple work involving one or two step tasks and instructions and the vocational expert's testimony that Plaintiff could perform jobs with a reasoning level of three, the ALJ erred by relying on the testimony. See Yurek, 2009 WL 2848859, at *9 ("Because the ALJ failed to question the VE about the inconsistency before relying on the VE's testimony, the Court finds the ALJ erred."); Leonard, 487 F. Supp. 2d at 1340; cf. Allen v. Astrue, No. 1:10cv445-TFM, 2011 WL 3875599, at *8 (M.D. Ala. Aug. 31, 2011) (finding no error where the ALJ made specific inquiries as to a conflict between the DOT and the vocational expert's testimony and addressed the conflict on the record). Moreover, the error was not harmless as the only two jobs identified by the vocational expert required a reasoning level of three. See e.g. Hardy v. Astrue, No. 5:10cv293-FL, 2011 WL 2899148, at *10-11 (E.D.N.C. Jun. 27, 2011) (holding that error was harmless where there was a conflict as to only one of the

three positions identified by the vocational expert); Taylor v. Astrue, No. 5:10cv263-FL, 2011 WL 1599679, at * 13 (E.D.N.C. Mar. 23, 2011).

There may, of course, be a reasonable explanation for the apparent conflict. It is the responsibility of the ALJ, however, to inquire as to any such conflict on the record and provide a reasonable explanation on the record prior to relying on the evidence provided by the vocational expert. SSR 00-4p. Accordingly, remand is necessary for the ALJ to offer a reasonable explanation on the record for the conflict between the DOT and the ALJ's determination that Plaintiff is limited to simple work involving one or two step tasks and instructions. Finally, the Court notes that in contrast to the Commissioner's contention to the contrary, Plaintiff was not required to raise this issue at the hearing before the ALJ or be barred from raising the issue in this Court. See Prochaska, 454 F.3d at 736. Rather, the Social Security Ruling "places the burden of making the necessary inquiry on the ALJ." Id.[4] Accordingly, remand is required in this case.

### C. The ALJ did not Err in Weighing the Testimony of Mike Neidig and Properly Developed the Record

Finally, Plaintiff contends that the ALJ failed to properly weigh the opinion

---

[4] The Court notes that the primary authority relied upon by the Commissioner, Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002) was dicta that was rejected by the Seventh Circuit in Prochaska. Prochaska, 454 F.3d at 735 (finding that Donahue's interpretation of SSR 00-4p was dicta and holding that a claimant need not raise the issue of a potential conflict at the hearing or forfeit her argument.)

of Mike Neidig and, therefore, the ALJ's RFC is erroneous. (Pl.'s Mot. Summ. J. 19-24.) Plaintiff, however, misconstrues the role of testimony from other sources such as Mr. Neidig.

Mike Neidig is a Licenced Clinical Social Worker and Licenced Clinical Addiction Specialist. (T. 418). As a social worker, Mr. Neidig was not, as Plaintiff contends, Plaintiff's treating physician or psychologist, and his testimony was not entitled to controlling weight. See SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006) (explaining that only an acceptable medical source can be considered a treating source); see also Bliss v. Comm'r Soc. Sec., 406 F. App'x 541, 541 (2nd Cir. 2011) (unpublished); Payne v. Astrue, No. 2:10cv71, 2011 WL 4959840 (W.D. Va. Oct. 19, 2011); Russell v. Astrue, No. 2:10cv5, 2010 WL 4027786 (W.D. Va. Oct. 14, 2010). In fact, a licensed clinical social worker is not even an acceptable medical source who can provide evidence to establish an impairment. See SSR 06-03p; 20 C.F.R. § 404.1513; Giese v. Barnhart, 55 F. App'x 799, 801 (9th Cir. 2002) (unpublished) (holding that a licensed clinical social worker is not an acceptable medical source under 20 C.F.R. § 404.1513(a)); Payne, 2011 WL 4959840; Russell, 2010 WL 4027786. Rather, Mr. Neidig was an "other source" whose evidence could be used to show the severity of Plaintiff's impairment and how it affected her ability to work. 20 C.F.R. § 404.1513; SSR 06-03p; Giese, 55 F. App'x at 801;

Canales v. Comm'r Soc. Sec, 698 F. Supp. 2d 335, 344 (E.D.N.Y. 2010); Russell, 2010 WL 4027786; Correll v. Astrue, No. 3:08cv280, 2009 WL 2601917, at *8 (E.D. Tenn. Aug. 24, 2009).

The ALJ is free to conclude that the opinion of a licenced social worker is entitled to no weight at all, provided that the ALJ explains that decision in the record. Saxon v. Astrue 781 F. Supp. 2d 92, 104 (N.D.N.Y. 2011) ("The ALJ is free to conclude that the opinion of a licensed social worker is not entitled to any weight, however, the ALJ must explain that decision."). Here, the ALJ considered the evidence submitted by Mr. Neidig but determined that his opinion was entitled to little weight. (T. 20.) The ALJ explained the basis for her decision not to provide much weight to Mr. Neidig's opinion on the record. (Id.) Upon a review of the record, the ALJ did not err by affording only minimal weight to Mr. Neidig's testimony.

Finally, the ALJ did not err by failing to contact Mr. Neidig prior to rendering her decision. Put simply, the evidence in the record from the treating physicians and other medical sources in this case was not so inadequate that the ALJ was unable to determine whether Plaintiff was disabled. See 20 C.F.R. § 404.1512(e). Thus, there was no need for the ALJ to re-contact Mr. Neidig or any other medical source. See id.; Johnson v. Comm'r Soc. Sec., 529 F.3d 198, 205

(3rd Cir. 2008); Cornett v. Astrue, 261 F. App'x 644, 649 (5th Cir. 2008) (unpublished); DeBoard v. Comm'r Soc. Sec., 211 F. App'x 411, 416 (6th Cir. 2006) (unpublished); Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004). Accordingly, the Court finds that the ALJ did not err in weighing the testimony of Mr. Neidig or in failing to re-contact Mr. Nedig.

## VI.     Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Plaintiff's Motion for Summary Judgment [# 7]. The Court **RECOMMENDS** that the District Court reverse the Commissioner's decision in this case pursuant to Sentence four of 42 U.S.C. § 405(g) and remand the case to the Commissioner for further proceedings consistent with this Order.

Signed: March 9, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).